UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Angel Garcia
and other similarly situated individuals,

    Plaintiff(s),

v.

The Gurkin Family Limited Partnership

    Defendant,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Angel Garcia and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant The Gurkin Family Limited Partnership, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Angel Garcia is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant The Gurkin Family Limited Partnership (from now on, The Gurkin Family, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Pinecrest, Dade County, within this Court Jurisdiction. At all times material, Defendant

was and is engaged in interstate commerce. Defendant, The Gurkin Family, is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

5. This cause of action is brought by Plaintiff Angel Garcia as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being adequately compensated.

6. Defendant The Gurkin Family is a property management company located at 8762 SW 61st st Avenue, Pinecrest 33156, Dade County, where Plaintiff worked.

7. Defendant The Gurkin Family employed Plaintiff Angel Garcia as a non-exempted, full-time, hourly employee from September 20, 2020, to March 11, 2022, or 77 weeks.

8. Plaintiff was hired as a maintenance employee and handyman. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc., for Defendant's properties which included buildings, residential houses, duplexes, etc.

9. Plaintiff was paid a wage rate of $23.00 an hour. Plaintiff's overtime should be $34.50 an hour.

10. During his employment with Defendant, Plaintiff worked a regular schedule of 5 days per week. From Monday to Friday, Plaintiff worked from 8:00 AM to 4:00 PM (8 hours daily) or 40 hours weekly. Plaintiff did not take bonafide lunchtime.

11. When Plaintiff worked on Saturdays, Defendants compensated Plaintiff with overtime payment.

12. However, Plaintiff was not paid for overtime hours worked during the week. Plaintiff was on call permanently after 4:00 PM. He received emergency calls for repair services at Defendant's properties. Plaintiff estimates that he was not paid for an average of 5 overtime hours per week.

13. Plaintiff did not clock in and out, but he signed timesheets, and Defendant could track the total number of hours worked by Plaintiff, but Defendant just ignored the overtime hours produced on weekdays.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

16. On or about March 11, 2022, Plaintiff left his employment to pursue better employment opportunities.

17. Plaintiff Angel Garcia seeks to recover 5 unpaid overtime hours weekly for every week he worked for Defendant, liquidated damages, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

18. Plaintiff Angel Garcia re-adopts every factual allegation stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff Angel Garcia and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

20. The Employer, The Gurkin Family was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a property management company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

21. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

22. Defendant The Gurkin Family employed Plaintiff Angel Garcia as a non-exempted, full-time, hourly employee from September 20, 2020, to March 11, 2022, or 77 weeks.

23. Plaintiff was hired as a maintenance employee and handyman. Plaintiff was paid a wage rate of $23.00 an hour. Plaintiff's overtime should be $34.50 an hour.

24. During his employment with Defendant, Plaintiff worked a regular schedule of 5 days per week, a total of 40 hours weekly. Plaintiff did not take bonafide lunchtime.

25. When Plaintiff worked on Saturdays, Defendants compensated Plaintiff with overtime payment.

26. However, Plaintiff was not paid for overtime hours worked during the week. Plaintiff was on call permanently after 4:00 PM. He received emergency calls for repair services needed at Defendant's properties. Plaintiff estimates that he was not paid for an average of 5 overtime hours per week.

27. Plaintiff did not clock in and out, but he signed timesheets, and Defendant could track the total number of hours worked by Plaintiff.

28. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the number of days and hours worked.

30. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

31. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

33. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Thirteen  Thousand Two Hundred Eighty-Two Dollars and 50/100 ($13,282.50)

    b. <u>Calculation of such wages</u>:

    Total period of employment:  77 week
    Relevant weeks of employment:  77 weeks
    Total hours worked:  more than 40 hours weekly
    Total unpaid O/T hours:  5 overtime hours
    Regular rate: $23.00 x 1.5=$34.50 O/T rate
    O/T rate $32.66

    O/T $34.50 x 5 O/T hours=$172.50 weekly x 77 weeks=$13,282.50

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

34. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

35. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

36. Defendant The Gurkin Family willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Angel Garcia and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Angel Garcia and other similarly situated individuals and against Defendant The Gurkin Family based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Angel Garcia actual damages in the amount shown to be due for unpaid

   overtime compensation for hours worked in excess of forty weekly, with interest; and

 C. Award Plaintiff an equal amount in double damages/liquidated damages; and

 D. Award Plaintiff reasonable attorney's fees and costs of suit; and

 E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Angel Garcia demands a trial by a jury of all issues triable as of right by a jury.

Dated: May 22, 2022

              Respectfully submitted,

              By: **/s/ Zandro E. Palma**
              ZANDRO E. PALMA, P.A.
              Florida Bar No.: 0024031
              9100 S. Dadeland Blvd.
              Suite 1500
              Miami, FL 33156
              Telephone: (305) 446-1500
              Facsimile:  (305) 446-1502
              zep@thepalmalawgroup.com
              *Attorney for Plaintiff*