UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:22-21575-CIV-COOKE

ANGEL GARCIA,

     Plaintiff,

v.

THE GURKIN FAMILY LIMITED PARTNERSHIP,

     Defendant.

_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, ANGEL GARCIA, (hereinafter, "Plaintiff"), and Defendant, THE GURKIN FAMILY LIMITED PARTNERSHIP (hereinafter, "Defendant"), by and through their respective undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.* Defendant has denied any and all liability with regards to Plaintiff's claims, including the amount of any alleged unpaid wages in this action.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid

wages by the employer to the employee is supervised by the Secretary of Labor.  See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement.  *Id*.  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff against his alleged former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues.  Although Defendant disputes its liability for the allegedly owed overtime compensation, they have ultimately agreed to pay Plaintiff in full settlement of the disputed claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and

that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti,* 715 F. Supp.2d at 1228[1]; see also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

## II.   Terms of Settlement

1.   This case involves claims made by Plaintiff for alleged unpaid overtime wages under the FLSA.

2.   After extensive negotiations held from the commencement of this action, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs, which were negotiated separate and apart.

3.   Plaintiff and Defendant herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendant. Specifically, based upon their respective estimates of Plaintiff's underlying claims and his claims for attorney's fees and costs, the parties negotiated the settlement amount herein.

4.   In settlement, Plaintiff ANGEL GARCIA will be paid a total of $4,500.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages and any other claims he may have against Defendant under the FLSA.  From the total amount of $4,500.00, $2,250.00 shall be allocated in satisfaction of Plaintiff's claim for "unpaid

wages", and $2,250.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages" and in satisfaction of any other claims Plaintiff has, may have or has ever had against Defendant and the other Releasees under the FLSA (as defined in the parties' settlement agreement). The parties agree that upon careful review of Plaintiff's dates of employment; hours and weeks which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the disputed claims.

5. Notwithstanding, the parties agree that there are genuine disputes as to whether or not Plaintiff worked the alleged number of hours worked on a weekly basis; whether or not, based on time and pay records, Plaintiff was in fact paid properly for all hours Plaintiff allegedly worked, including overtime; and whether or not any alleged violations, if any, were willful. Consequentially, Plaintiff could have even been barred from any recovery in this matter with regards to his claims for unpaid overtime wages under the FLSA had Plaintiff not been able to establish his claims.

6. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff will be receiving substantial compensation for his unpaid overtime wage claims; Plaintiff's claims are highly disputed; the issues of material fact which are in dispute; and the fact that Plaintiff could be barred from recovery in this matter should Plaintiff not be able to establish overtime pay violations under the FLSA. Additionally, it is also reasonable given the high costs of defending and litigating this matter and the time and resources which would have been expended by both parties in taking this matter to trial. This settlement was arrived at after considerable negotiation by the parties and the Defendant does not admit any liability in this action.

7.     Separate and apart, Defendants will pay Plaintiff's counsel $4,000.00 in attorney's fees and $500.00 in costs, which have been incurred to date in this action, including preparation and review of all settlement documents.   Plaintiff's counsel, who has over 16 years of experience litigating employment related matters, charges an hourly rate of $400.00.   This rate has been approved by this Honorable Court, as well as Courts in the Middle and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court.  [27-2] at 3.  The Court does not find this hourly rate excessive.  See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021).   "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

8.     Plaintiff's counsel has expended over 13 hours on this matter to date, which includes time spent conducting informal discovery, employment records review, attorney-client communications, preparation and drafting of all settlement documents, and other off-the-record activity.   Notwithstanding, Plaintiff's counsel's attorney's fees and costs were reduced in good faith in order to facilitate settlement.   Furthermore, Plaintiff's counsel's

attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to his attorney.

9. As set forth by the cited authority above, because attorney's fees and costs were determined separately and apart from Plaintiff's recovery, this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiff and approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

10. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

11. The attached agreement includes every term and condition of the parties' settlement

12. Having agreed to the terms of the settlement reached, Plaintiff and Defendants respectfully request that this Honorable Court approve the settlement between the parties.

13. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims.  Moreover, the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending motions as moot.

14. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and retain jurisdiction to enforce the terms of the settlement agreement.

DATED this 12th day of August 2022.

Respectfully submitted,

| | |
|---|---|
| **/s/Zandro E. Palma_____** | **/s/Sarah Steinbaum_____** |
| Zandro E. Palma, Esq. | Sarah Steinbaum, Esq. |
| Florida Bar No.: 0024031 | FBN: 36470 |
| **ZANDRO E. PALMA, P.A.** | **SARAH STEINBAUM, P.A.** |
| 9100 S. Dadeland Blvd. | 2828 Coral Way |
| Suite 1500 | Suite 540 |
| Miami, Florida 33156 | Miami, Florida 33145 |
| Telephone No.: (305) 446-1500 | Tel: (305) 358-7676 |
| Facsimile No.:  (305) 446-1502 | Fax: (305) 358-6667 |
| zep@ThePalmaLawGroup.com | sarah@sarahsteinbaum.com |
| **Attorney for Plaintiff** | **Attorney for Defendant** |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:22-21575-CIV-COOKE

ANGEL GARCIA,

      Plaintiff,

v.

THE GURKIN FAMILY LIMITED PARTNERSHIP,

      Defendant.

_____/

**ORDER GRANTING JOINT MOTION TO**
**APPROVE THE PARTIES' SETTLEMENT AGREEMENT**

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing the Case with Prejudice, and the Court having reviewed the motion and the file in this cause, having noted the agreement of the parties and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** that the parties' settlement is hereby **APPROVED**.  It is further ordered that this action is **DISMISSED WITH PREJUDICE**.  The Court retains jurisdiction to enforce the terms of the parties' settlement, should such enforcement become necessary.

**DONE AND ORDERED** in Chambers, in Miami-Dade County, Florida this _____ day of August, 2022.

                                   _____

                                   **MARCIA G. COOKE**
                                   **UNITED STATES DISTRICT JUDGE**

Copies provided to:
All Counsel of Record