UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-21575-COOKE/Damian

**ANGEL GARCIA**,

    Plaintiff,

vs.

**THE GURKIN FAMILY LIMITED PARTNERSHIP**,

    Defendant.

_____/

**<u>ORDER</u>**

    **THIS CAUSE** is before the Court on the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice [ECF No. 11], filed on August 12, 2022. The parties have settled this case, involving claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and jointly represent that "upon payment of the amounts set forth herein, [Plaintiff] will have been paid and/or will have received all overtime wage damages related to his employment with the Defendant, and attorney's fees and costs in connection with his claims for overtime wage compensation against Defendant." (Mot., Ex. A, Settlement Agreement & Release of Claims [ECF No. 11-1] ¶ 5 (alteration added)).

    While settlement of FLSA claims typically requires court approval, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), where a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved, and judicial approval is not

CASE NO.: 22-cv-21575-COOKE/Damian

required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).[1]

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice **[ECF No. 11]** is **GRANTED**.

2. This case is **DISMISSED with prejudice**, and all pending motions are **DENIED as moot**.

3. The Court retains jurisdiction to enforce the terms of the settlement.

**DONE AND ORDERED** in Miami, Florida this 15th day of August 2022.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTICT JUDGE**
On behalf of **Marcia G. Cooke, U.S. District Judge**

cc: counsel of record

---

[1] The Agreement contains a confidentiality provision. (See Settlement Agreement & Release of Claims ¶ 7). When the Court must approve a settlement, the agreement becomes a part of the judicial record and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *See id.* at 928. While the confidentiality provision seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.